## Case No. 6,630.

### HOLMEAD v. SMITH et al.

### [5 Cranch, C. C. 343.] [1]

Circuit Court, District of Columbia. Nov. Term, 1837.

FORCIBLE ENTRY—CERTIORARI—JUSTICE OF PEACE —INQUISITION.

1. The circuit court of the District of Columbia has jurisdiction to issue a certiorari to a justice of the peace in a case of forcible entry and detainer; and in vacation the writ may be ordered by one of the judges. Bond and security must be given to answer for costs.

2. An inquisition, describing the property as "one tenement or storehouse with the appurtenances, in the county aforesaid," is too vague and uncertain, and will be quashed.

Certiorari to a justice of the peace to send up the record in a case of forcible entry and detainer. The petition of Anthony Holmead for the certiorari, on the 17th of November, 1837, addressed to the court in vacation, was presented to the chief judge. It stated that Clement T. Coote, a justice of the peace for the county of Washington, had, at the instance of Ann W. Smith and others, her confederates, issued his warrant, a copy of which was annexed, upon which a jury of twenty-four had found a pretended inquisition, a copy of which was also annexed; and that the justice was about to issue an order or warrant of restitution; and that the marshal had notified that he would turn out of the property whoever should be found therein; that one John B. Holmead, in behalf of one William Dougherty, had rented the premises by agreement with Ann W. Smith's agent,

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

one Richard C. Briscoe, the said John B. Holmead, being at that time lawfully in possession thereof, under an agreement with Briscoe, for one month. That Dougherty, by the said John B. Holmead, his agent, took possession under the agreement with Briscoe, and moved his goods into the same, and has been peaceably selling his goods therein by his said agent, until the proceedings instituted against him in the present case. That the justice has no jurisdiction in the case. That the petitioner, Anthony Holmead, has no concern whatever, or interest in, or possession of, the premises. That he has had no notice of the taking of the inquisition, and no opportunity to traverse the same. That their motive for making him a defendant, instead of John B. Holmead, was to get rid of his testimony respecting the agreement between John B. Holmead, in behalf of William Dougherty, and R. C. Briscoe, the agent of Mrs. Smith. To this petition was appended an affidavit by the petitioner of the truth of the facts stated in the petition. At the foot of the petition was the following order: "Upon filing this petition, and the bond of the petitioner to the United States, in the penalty of $200, with security to be approved by a judge of this court, conditioned to pay all such costs as may be awarded by the court against the said petitioner, in case he should fail to prosecute the writ of certiorari with effect, let the writ of certiorari issue as prayed. W. Cranch, C. J.," &c. "17th November, 1837." The writ was issued to the justice commanding him "to send, under his seal, the record of the proceedings aforesaid, with all things touching the same," "in as full and ample manner as it now remains before you, together with this writ." The record stated, in substance, that complaint had been made to the justice that Anthony Holmead, on the 10th of November, 1837, had forcibly entered into "the storehouse on lot numbered three, in square No. 432, in Washington City, in the District of Columbia, late in the occupancy of Benjamin S. Baily," of which Ann W. Smith, late of said county, was then seized in her demesne as of fee, against the form of the statute in such case made and provided. Whereupon the justice issued his warrant to the marshal, reciting the complaint aforesaid, and commanding him to summon and cause to come before him (the justice) at the premises, the said storehouse, immediately. twenty-four sufficient, lawful, and indifferent persons, dwelling near about the said tenement, so forcibly entered into and detained as aforesaid, to inquire," &c. The inquisition, signed by thirteen of the jurors, stated, "that Ann W. Smith, of the said county, on the 10th of November, 1837, was seized in her demesne as of fee of and in one tenement or storehouse, with the appurtenances in the county aforesaid; and that whilst the said Ann W. Smith was seized thereof, on the same 10th day of November, one Anthony Holmead, of said

county, with force and arms, to wit, with a strong hand, did make a forcible entry into the said tenement, or storehouse and premises, then being in the seizin and possession of the said Ann W. Smith, and did, then and there, with force and arms, and with strong hand, unlawfully disseize the said Ann W. Smith thereof, and then and there, with force and arms, and a strong hand, did unlawfully expel and eject." &c., "against the statute," &c. The inquisition had no reference to the description of the property in the warrant.

Upon the return of the certiorari, R. J. Brent, for the petitioner, moved the court to quash the inquisition, because it does not describe the property with sufficient certainty; the only description is, "one tenement or storehouse, with the appurtenances, in the county aforesaid." 4 Com. Dig. tit. "Forcible Entry," D 4, note a; 2 Rolle, Abr. 86, "Indictment," M, pl. 4-7; Russ. 493; Gill's Case, 1 Rolle, 334. "Gill was presented for forcible entry into a messuage or tenement; and this was quashed, because messuage or tenement is not good; and Coke said he had quashed divers such presentments, in his time, for this exception." Ellis' Case, Cro. Jac. 634, Palmer, 277; King v. Sutton, 2 Keb. 671.

Mr. Hoban, contra, contended that this court could only issue a certiorari in a case where the justice had usurped an original jurisdiction belonging to this court; as in the case of Kennedy v. Gorman [Case No. 7,702], in this court at November term, 1833.

CRANCH, Chief Judge, said that this court had entertained jurisdiction, by certiorari, in forcible entry and detainer in several cases, and referred to the case of U. S. v. Donahoo [Case No. 14,982], in this court, at December term, 1807; and the case of the Lord Proprietary v. Brown, 1 Har. & McH. 428.

THE COURT (THRUSTON, Circuit Judge, absent) quashed the inquisition for uncertainty in the description of the property. "Tenement or storehouse" is too vague.