ELLIOT TIBBETTS & al. *versus* TIMOTHY SHAW & al.

The seal of the Court is matter of substance and not amendable.

The want of a seal to a writ is to be taken advantage of by motion to quash, which may be made at any time.

An offer to be defaulted for a sum certain, entered on the docket, but not accepted, is no waiver of the objection.

By the act establishing the District Court, ch. 373, all its writs and processes were directed to be under the seal of the Court; and by ch. 398, the District Judge was authorized to adopt seals for the court.

After the passage of the act establishing the District Court, the District Judge directed the clerk to provide a seal with a certain prescribed device and impression, and the clerk before this was *completed*, sealed writs with the seal of the Court of Common Pleas, which had the same device, but no inscription; and delivered the same out of his office — a writ so sealed was on motion ordered to be quashed — for want of a seal — the process being void.

Where the process is void no costs are allowed.

*Mem.* WESTON C. J. did not sit in the hearing of this case.

THIS was an action of assumpsit. The writ was dated August 3, 1839, and was returnable to the October Term of this Court. It was duly entered and continued from term to term, to the October Term, 1840, when the defendants filed an offer in writing to be defaulted for the sum of $150 — which was duly entered on the docket of the Court — but which was not accepted by the plaintiffs. Subsequently and at the February Term of the District Court, the defendants moved the Court to quash the writ because it did not bear the seal of the Court.

It appeared by the testimony of the clerk, that after the passage of the act abolishing the C. C. Pleas, and establishing District Courts, an inscription and device for a seal for said District Court were furnished by the Judge of the western district in March, 1839, to the clerk : — that the clerk immediately sent to an engraver to prepare a seal as established by said Court — that about the 4th April, 1839, the clerk received said seal from the engraver and has ever since used the same in sealing all processes issuing from this Court. That during the interval between the time when he received directions from the Court as to the seal and the receiving of the same from

the engraver — the clerk, without any direction from the Court, but from necessity, prepared a seal from the C. C. P. seal, which had the same device as the seal adopted by the Judge of the District Court, by obliterating the inscription on the seal of the Court of Common Pleas, and leaving it without any inscription — that this seal was used in impressing all processes issuing from the clerk's office, until the seal prescribed by the Judge of the District Court, was received — after which this ceased to be used. No notice was given to any attorney of these facts or of any change of seals on the processes subsequently issued.

The writ in this case bore the impress of the Court of Common Pleas seal, with the inscription erased.

On these facts, WHITMAN J. ordered the writ to be quashed, to which order and judgment exceptions were filed and allowed.

*Appleton & Howard,* for the plaintiff.

1. The seal is that of the District Court. It was impressed on a writ issuing from the proper office, signed by the clerk, and bearing the proper teste. The device here is that of the District Court — and that is what constitutes the seal. The inscription makes no part of the seal. The clerk had the custody of all papers — was directed to furnish a seal — and writs issued by him, are the writs issued by proper authority. 1 Cons. Rep. S. C. 104; *Prescott* v. *Tufts,* 7 Mass. R. 209; *Gould* v. *Barnard,* 3 Mass. R. 199; *Clapp* v. *Balch,* 3 Greenl. 218.

2. The error was amendable, and should have been amended. *Cheetham* v. *Tillotson,* 4 Johns. 499; *Baxter* v. *Rice,* 21 Pick. 197; *Converse* v. *Damariscotta Bank,* 15 Maine R. 431; *Ordway* v. *Wilbur,* 16 Maine R. 264. The authority of the court to allow amendments extends equally to matters of substance as to matters of form. Rules of District Court, 17; *Wimple* v. *McDougal,* Caine and Colman's Cases, 55. If the writ is in any respect defective, it is the misprision of the clerk — which the court will allow to be corrected. The clerk was an officer of the court, and should not be permitted to lead parties into difficulty by his blunders. This is merely a circumstantial error, and the furtherance of justice requires

its amendment. *Sawyer* v. *Baker,* 3 Greenl. 29 ; *Campbell* v. *Stiles,* 9 Mass. R. 217 ; *Hutchinson* v. *Crossen,* 10 Mass. R. 251.

The cases, *Bailey* v. *Smith,* 3 Fairf. 196, and *Hall* v. *Jones,* 9 Pick. 446, are distinguishable from this. There the seal of one court was impressed on a writ issuing from another office — or there was no impression whatsoever. Here the writ was signed by the right person, — had the seal of the court — all they had, — and bore the proper teste.

3. The exception comes too late. The defendant having submitted to, and acknowledged the jurisdiction of the court, has thereby waived all previous errors. The offer to be defaulted is more than the general issue. Act of 1835, c. 165, § 6 ; Howe's Pr. 50 ; *Voorhees* v. *Bank of U. S.* 10 Pet. 473 ; *Gordon* v. *Smedes,* 16 Johns. 145 ; *Ripley* v. *Warren,* 2 Pick. 592. The offer to be defaulted could not be withdrawn — and the defendant seeks now, indirectly, to do what could not be done directly.

*W. P. Haines,* for the defendants.

1. The seal of the District Court is required by law to be affixed to its processes. St. of 1839, c. 373, § 1 and 3. This act was approved Feb. 25, 1839, and was to take effect from and after April 1, 1839. Subsequently, on 20th March, 1839, an additional act, St. c. 398, was passed, to take effect from its passage, by the second section of which "the district judge or judges are authorized to adopt seals for their respective districts." Every act establishing a court in this State, has been specially careful in regard to seals for all judicial processes. St. c. 54, § 3 ; c. 63, § 1 ; c. 193, § 3.

The evidence of the clerk shows this was not the seal of the court — and the correctness of the decision excepted to, is directly settled, *Bailey* v. *Smith,* 3 Fairf. 196 ; *Hall* v. *Jones,* 9 Pick. 446.

2. It is argued, that the offer to be defaulted for a certain sum, precludes the defendants from making any objection to the process. The offer was not accepted, and until accepted it is no more than a tender. But no agreement of the parties, nor

even a default for the whole sum, can give the court jurisdiction, or make a process, in itself void, valid in law.

Where the want of jurisdiction appears of record, the defect cannot be supplied by the submission of the party; for the agreement of the parties cannot alter the law, nor make that good which the law makes void. *Lawrence* v. *Smith*, 5 Mass. R. 362; *Case* v. *Humphrey*, 6 Conn. R. 130; *Perkins* v. *Perkins*, 7 Conn. R. 558; *Hugleson* v. *Webb*, Cro. Eliz. 121; *Robinson* v. *Mead*, 7 Mass. R. 353.

The opinion of the Court was delivered by

EMERY J. — This is a case of exceptions against the opinion of the Justice of the District Court for the western district. The Judge, on motion in writing, ordered the writ to be quashed, because, as the counsel for the defendants alleged, said writ does not bear the seal of that Court. Our St. c. 373, was passed Feb. 25, 1839, to abolish the Court of Common Pleas and establish District Courts, to be in force from and after the first day of April then next, with the provision that the Judges of the District Courts may be appointed and commissioned at any time after this act shall be approved by the Governor. The third section provides, that all writs and processes issuing from the District Court shall be in the name of the State, shall bear teste of one of the Justices of said Court; and *such writs and processes shall be under the seal of said Court,* and signed by the clerk thereof, in the county where the same may be returnable; and *shall have force and be obeyed* and executed in every county in the State.

By an additional act, c. 398, passed March 20, 1839, to take effect and be in force from and after its approval by the Governor; the 2d section enacted that the District Judge or Judges are *authorized to adopt seals of the Court, for the respective districts.*

The writ in this case was dated August 3d, 1839, returnable to the October Term of that court, 1839, there entered, and continued from term to term till February Term, 1841.

It is urged by the plaintiff's counsel that this order should not have been given by the Judge, because at October Term, 1840, at said District Court, the counsel for the defendants, on the 2d day of the term, certified that the defendants appeared in Court and offered in writing to be defaulted and that judgment shall be rendered against them for the sum of $150, and the costs to be taxed by the Court up to that term. This offer though duly entered on the docket was not accepted by the plaintiffs.

This circumstance seems to have roused the resentment of the defendants, and induced them to interpose their motion to quash the writ for defect of the seal of the Court. It came indeed very late; and the testimony of the clerk on the subject is detailed at considerable length *in the exceptions*.

By the 5th section of c. 373, this Court "must consider and determine *them* in the same manner as they are authorized to do in respect of actions originally commenced and entered here." The writ in fact seems to be impressed with two seals. But does it to us, judicially, appear to be the seal of the District Court for the western district?

In one case, it was recently holden, in England, that the Queen's bench had judicial knowledge of the seal of another court. By what means it was obtained, is not communicated in the report. Without a promulgation from some authority, it would at first seem difficult to discern the ground of that judicial perception. In Theobald's and Eden's reports, 223, *Doe, d.* v. *Edwards*, in an action of ejectment, a question respecting the admissibility of evidence arose in 1839, under the 76th section of the St. 57 Geo. IV, which enacted that the records of the Insolvent Debtors' Court, should be admitted as evidence, without any proof whatever given of the same, *further than that the same is sealed with the seal of the said Court as aforesaid*. No such proof was offered at the trial. A new trial was moved for, on the ground of the improper admission of documentary evidence, to which objection was made, but overruled. On the hearing of the motion, Lord Denman C. J. said, "the intention of the Legislature must have been

that the seal should prove itself; and on production of the seal, we take judicial cognizance that it is the seal of the insolvent debtors court." COLERIDGE J. observed " that the 7 Geo. IV, c. 57, does not require the seal itself, but that the document should be proved to be sealed with the seal of the court of which we have judicial knowledge," and the rule was refused.

In *Henry* v. *Adey,* 3 East, 221, in an action on a judgment obtained in the island of Grenada, a nonsuit was ordered and held proper for defect of proof of the seal. The court said they could not take judicial notice that the seal affixed, was the seal of the island and that proving the Judge's hand writing could not advance the proof of the seal. So in *Moises* v. *Thornton,* 8 Term R. 303, the production of a diploma under the seal of the University of St. Andrew's, in Scotland, was holden not sufficient evidence of the degree of a doctor of physic without proof that it was the seal of the University.

The public seal of a state proves itself. It is recognized by the law of nations. So the proceedings in a foreign prize court, when under its seal, certified by the deputy register, whose official character is certified by the Judge, and his by a notary public. *Yeaton* v. *Frye,* 5 Cranch, 343. The high credit given to exemplifications under seal, in Norris's Peake on Evidence, p. 60, is stated thus, " for the courts of justice which put their seals to them are supposed to be more capable of examining them and more critical and exact in their examination than any other person is, or can be. For the courts *under whose seals they are authenticated, making a part of the law and constitution of the country, their seals are supposed to be already known to every person like every other part of the laws.  Gilb. Law of Ev.* 14, 19." This is rather a theoretical rule, but it works well in practice. Few judges meddle much with the examination of exemplifications of records. That service is confided to clerks. In this case the Judge did inspect and examine the seal and heard all the proof about it. We can have no doubt of the integrity and honesty of views on the part of the clerk in all he did. *All the attempts to come as near to the seal as the circumstances seemed*

*to require* were all open on the hearing, and for the consideration of the Judge. And had he adopted the seal, we should have been much embarrassed under the evidence as reported, to say that he could not do so. But he seems to be fully sustained by the evidence and the law. Neither the St. c. 373, nor c. 398, make any provision for "the *necessity*" of which *the clerk* speaks. Even that necessity terminated on the 4th day of April, 1839, when he received the seal. And this writ was made nearly four months after. The statute authorizes *not the clerk*, but the *Judge, to adopt a seal for the court*. The clerk did not consult the court on the exigency, nor obtain his direction. And this manifestly was not the seal so adopted, and communicated by the Judge to the clerk — it was *without the inscription* furnished by the Judge of the District Court. That inscription, we perceive, entitled the seal "District Court, Western District." This assumed by the clerk was as no seal. The precept under the law, for this defect, was not in "force to be obeyed." This Court has decided, in the case *Bailey* v. *Smith*, 3 *Fairf.* 196, that "the seal is matter of substance, and the process, being an original writ, not amendable."

It would poorly comport with the comity which one court owes to the Judge of another, who has the authority to adopt a seal for its court, when on full examination of the facts, it becomes convinced that the impression attempted to be palmed upon it, as its seal, is not the seal by him adopted, for this court to decide that it has better judicial perception of a fact almost exclusively within his knowledge, and that it is his seal, when he has deliberately decided it not to be the seal of the District Court for the western district.

It would really be an assumption of power not conferred on this Court.

But it would be outrageous to give costs against the plaintiffs.

*The exceptions are overruled.*