## UNITED STATES *v.* ROSE.

*(District Court, S. D. New York. December 21, 1882.)*

PENALTY—ACTION FOR—MODE OF PROCEDURE—SUMMONS, INDORSEMENT OF.

    Actions for penalties brought in the name of the United States correspond with those brought by the state in the name of "The People of the State of New York;" and by section 914, U. S. Rev St., the provisions of the New York Code of Procedure, in regard to such actions by "The people," etc., are applicable to similar actions brought here in the name of " The United States," and the summons served must therefore be indorsed with a general reference to the statute by which the action for the penalty is given. This indorsement is part of the process; and, being designed to give immediate notice of the nature of the action, is a material part; and, if omitted, is not amendable, and the service of the summons should be set aside.

Motion to Set Aside Service of a Summons.

The action was for a penalty, alleged to have been incurred by the defendant under the provisions of section 4504, U. S. Rev. St. The summons was served without the complaint. The copy of the summons, which was delivered to the defendant, was not indorsed with any reference to the statute by which the penalty was given, as required by the New York Code of Civil Procedure, §§ 1897, 1964, and 1962. The *præcipe* to the clerk, upon which the summons was issued, contained only a pencil indorsement, "R. S. 4504." Defendant's attorneys appeared, reserving the right to move to set aside the summons; and, upon the complaint being served, made this motion.

*William C. Wallace,* Asst. U. S. Atty., for plaintiff.

*Goodrich, Deady & Platt,* for defendant.

BROWN, D. J. Actions for penalties brought in the name of "The United States" correspond entirely with those brought by the state in the name of "The People," etc. Each represents the sovereignty which is plaintiff. Hence, when congress adopts (section 914, Rev. St.) the "forms and modes of proceeding" of the several states, an action by "The United States," brought in the state of New York, must be in the form and mode prescribed in this state for similar actions by "The People," etc.; and therefore a reference to the statute and penalty was required to be indorsed on the summons in this action, as prescribed by sections 1897, 1964, and 1962 of the New York Code of Procedure. These sections required an indorsement "upon the copy of the summons delivered in the following form: According to the provisions of, etc., adding such a description of the statute as will identify it with convenient certainty, and also specifying the section," etc.

The matter required to be indorsed is a substantial and material part of the writ, because designed to give immediate notice to the defendant of the nature of the action. The *præcipe* does not supply this notice, and was not a compliance with the statute. The summons having no indorsement was defective in a material part, and hence it is not amendable, and the service of the summons must be set aside. *Brown* v. *Pond*, 5 FED. REP. 31; *Peaslee* v. *Haberstro*, 15 Blatchf. 472; *Dwight* v. *Merritt*, 18 Blatchf. 305.

Motion granted.