HELEN G. SHARMAN, APPELLANT, *v.* FRANK HUOT, RESPONDENT,

AND

HELEN G. SHARMAN, APPELLANT, *v.* M. J. EUKES, INTERVENOR, RESPONDENT.

| 20 | 555 |
| 21 | 183 |
| 20 | 555 |
| 25 | 329 |
| 20 | 555 |
| 28 | 86 |
| 20 | 555 |
| f36 | 262 |

[Submitted Feb. 28, 1898. Decided March 14, 1898.]

*Attachment, When to be Issued — Summons, Signature of Clerk.—Same, Amendment of — Appeal from Order— Record.*

1. ATTACHMENT, WHEN TO BE ISSUED.—Under Section 890, Code of Civil Procedure, a writ of attachment which is issued before a valid summons is absolutely void, and not merely voidable.
2. SUMMONS, SIGNATURE OF CLERK.—Under Section 632, Code of Civil Procedure, which provides the form of the summons and that it must be "signed by the clerk, and issued under the seal of the court," the signature of the clerk is a matter of substance, and a fundamental part of the summons, without which there is no summons.
3. SAME—*Amendment of Summons.*—Section 774, Code of Civil Procedure, providing for amendments to pleadings and proceedings, does not confer power upon the court to amend a void jurisdictional writ or process.
4. APPEAL FROM ORDER.—*Record.*—An order amending a summons cannot be reviewed unless properly before the court, and is no part of the record on an appeal from a prior order discharging an attachment.

*Appeal from District Court, Gallatin County. F. K. Armstrong, Judge.*

ACTION by Helen G. Sharman against Frank Huot, aided by attachment. From two separate orders discharging the writ of attachment on motions of defendant and M. J. Eukes, intervenor, plaintiff appeals. Affirmed.

*Hartman Bros. & Stewart*, for Appellant.

*Luce & Luce*, for Respondents.

PIGOTT, J.—These are appeals from two separate orders discharging a writ of attachment.

From the transcript in No. 1,068 it appears that the plaintiff filed her complaint on February 25, 1897, and that the sheriff thereupon received a certain paper, which gave the title of the cause and the style of the action, and proceeded thus :

"The State of Montana to the above-named defendant : You are hereby summoned to answer the complaint in this action which is filed in the office of the clerk of this court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon the plaintiff's attorney within twenty days after the service of this summons, exclusive of the day of service; and, in case of your failure to appear or answer, judgment will be taken against you by default, for the relief demanded in the complaint.

"Witness my hand and the seal of said court, this 25th day of February, 1897.

"[SEAL OF COURT.]
                                        "Clerk."

The clerk then issued a writ of attachment against the defendant, and the sheriff, on February 26th, delivered to the defendant a copy of the foregoing supposed summons, and also delivered to him a copy of the complaint. On the same day, the sheriff executed the writ of attachment upon the property of the defendant. On March 4th, the defendant, appearing specially, moved the court to discharge the writ of attachment on the ground that the issuance of a summons had not accompanied or preceded the writ. The court discharged the writ, and dissolved the attachment. From this order, the plaintiff appeals.

In No. 1,076 it appears that the intervenor, Eukes, on March 1, 1897, commenced an action against defendant, and that the sheriff executed a writ of attachment, issued in that

case upon the same property seized by him in Sharman against Huot.  Eukes moved the discharge of the writ, and a dissolution of the attachment in the Sharman case, upon the grounds stated in defendant's motion for the same purpose in that case.  The court granted the motion of Eukes, and plaintiff again appeals.

We are of the opinion that the District Court properly discharged the writ of attachment.

Section 890 of the Code of Civil Procedure provides that "the plaintiff at the time of issuing the summons, or at any time afterwards, may have the property of the defendant attached as security for the satisfaction of any judgment that may be recovered."  This statute was adopted from California, and the interpretation it bore in that state when adopted is controlling.  In *Low* v. *Henry*, 9 Cal., at page 552, the court held that a writ of attachment issued before the issuance of a summons is void, and that the subsequent issuance of the summons cannot give effect to that which was void from the beginning.  Moreover, we think there can be no doubt upon principle that a writ of attachment issued before the summons is, under the statute, not voidable merely, but void.

Summons was not issued.  The law, by Section 632 of the Code of Civil Procedure, prescribes the requisites of a summons.  It reads :  "The summons must be directed to the defendant, signed by the clerk, and issued under the seal of the court and must contain:  The names of the parties to the action, the court in which it is brought, and the county in which the complaint is filed, and must be substantially as follows," etc.  The language is mandatory.  (*Dyas* v. *Keaton*, 3 Montana, 495; *Sawyer* v. *Robertson*, 11 Montana 416, 28 Pac. 456; *Lyman* v. *Milton*, 44 Cal. 630; *Black* v. *Clendenin*, 3 Montana, 47; *Gray* v. *Hawes*, 8 Cal. 563; *Smith* v. *Aurich*, 6 Colo. 388.)

The summons must be signed by the clerk.  His signature is a matter of substance.  It is a fundamental part of the summons.  Without it there is no summons.

In *Sidwell* v. *Schumacher*, 99 Ill. 433, the court said :

"While there is some conflict of authority upon this subject, yet it is believed that the weight of the authority establishes the proposition that where the law expressly directs that process shall be in a specified form, and issued in a particular manner, such a provision is mandatory, and a failure on the part of the official, whose duty it is to issue it, to comply with the law in that respect, will render such process void."

In *Hernandez* v. *Drake*, 81 Ill. 38, it is said : "The 40th section of the chapter entitled 'Courts' (Revised Statutes, 1845, p 147) provides that the clerks of the circuit courts may issue process in all cases arising therein, which shall bear *teste* in the name of and be signed by such clerks, respectively, and be dated on the days on which they issue, and be made returnable, according to law. That the writ must be signed by the clerk is made indispensable by this enactment."

In *Riggs* v. *Bagley*, 2 G. Greene, 383, the Supreme Court of Iowa, in the course of an opinion holding that a certain writ was properly quashed, said : "It is true, as is urged, that the seal of the District Court proves itself; but it does not of itself prove that it was affixed by the proper officer, or by his authority. The clerk is the keeper of the seal. He alone is authorized to use it; and, upon affixing the seal officially in any process, he should attest the fact over his signature."

We cite the following cases as being either directly in point, or lending support to principles upon which these views are based : *Choate* v. *Spencer*, 13 Montana 127, 32 Pac. 651; *Wimbish* v. *Wofford*, 33 Tex. 109; *Andrus* v. *Carroll*, 35 Vt. 102; *Gardner* v. *Lane*, 3 Dev. (N. C.) 53; *Pendleton* v. *Smith*, 1 W. Va. 16; *Laidley* v. *Bright*, 17 W. Va. 779; *Hutchins* v. *Edson*, 1 N. H. 139; *Reynolds* v. *Damrell*, 19 N. H. 397; *Wiley* v. *Bennett*, 9 Baxt. (Tenn.) 581; *Smith* v. *Affanassieffe*, 2 Rich. (S. C.) 334; *Chapin* v. *Allison*, 15 Ohio, 566; *Tibbetts* v. *Shaw*, 19 Me. 204; *Reeder* v. *Murray*, 3 Ark. 450; *Stayton* v. *Newcomer*, 1 Eng. (Ark.) 451; *Wheaton* v. *Thompson*, 20 Minn. 196 (Gil. 175); *Anderson* v. *Joliett*, 14 La. Ann. 614; *Dexter* v. *Cochran*, 17 Kan. 447;

*In re Farr* (Kan.) 21 Pac. 273; *Pelham* v. *Edwards* (Kan.) 26 Pac. 41; *Greenleaf* v. *Mumford*, 30 How. Prac. (N. Y.) 30; *Smith* v. *Hackley*, 44 Mo. App. 614; *U. S.* v. *Rose*, 14 Fed. 681; *Ripley* v. *Warren*, 2 Pick. 592. The signature of the clerk and the seal of the court are the testimonials by which the authenticity of the summons is made to appear. (*Shepherd* v. *Lane*, 13 N. C. 148.)

It is insisted, however, that the summons in question may be amended. Section 774, Code of Civil Procedure, does not confer power upon the court to amend a void jurisdictional writ or process. Here the supposed summons was defective in a material part, and hence it is not amendable. (*U. S.* v. *Rose* and *Choate* v. *Spencer, supra.*) There must be a process to be amended,—something to amend and amend by. (*U. S.* v. *Turner*, 50 Fed. 734; *Witherell* v. *Randall*, 34 Me. 168; *Joiner* v. *Bank*, 71 Miss. 382, 14 South. 464.) The rule applicable to a statute even more liberal with respect to amendments than is section 774, *supra*, is clearly stated by the Supreme Court of Wisconsin in *Whitney* v. *Brunette*, 15 Wis. 68, as follows : "It is true, the statute of amendments then in force was very broad and liberal. It provided that the court in which any action was pending might 'amend any process, pleading or proceeding in such action, either in form or substance, for the furtherance of justice,' etc. But I think this relates only to such defects as do not render the process absolutely void. There must be something to amend, and a void writ is a nullity. To amend in such a case would be to create the writ anew, giving it a retroactive effect. (*Bunn* v. *Thomas*, 2 Johns. 190; *Burk* v. *Barnard*, 4 Johns. 309; *Bell* v. *Austin*, 13 Pick. 90; *Cramer* v. *Van Alstyne*, 9 Johns. 386; 4 Cow. 49 ; *Kyles* v. *Ford*, 2 Rand. (Va.) 4.) * * * A still further answer is that, if a void writ can be helped at all by amendment, it should only be allowed that effect as between the parties to the proceeding, and not so as to cut off intermediate rights acquired by third parties. (*Witte* v. *Meyer*, 11 Wis. 300, and cases cited.)" We approve the doctrine there announced.

The transcripts disclose that the court discharged the writ of attachment, and then sustained appellant's motion to amend the summons.   Appellant contends that the decision on the motion last mentioned is the law of the case, and controlling. We are of a contrary opinion.   The appeals are from the orders discharging the writ.   The order granting leave to amend the summons, while included in the transcript, is not one of the papers required by Section 1737, Code of Civil Procedure, to be certified to this court, and is therefore no part of the record on appeal.   It is not before us.

The orders appealed from are affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concurs.