GOTTESMAN et al. v. CANADA ATLANTIC & PLANT S. S. CO., Limited.

(District Court, E. D. New York. December 18, 1917.)

ADMIRALTY ☞47—FOREIGN ATTACHMENT—ISSUANCE.

Supreme Court Rules in Admiralty, rule 7 (29 Sup. Ct. xxxix), declares that in suits in personam no warrant of arrest, either of the person or property of the defendant, shall issue for a sum exceeding $500, unless by special order of the court upon affidavit. Although the judge made no indorsement upon the papers directing the clerk to issue process with

writ of foreign attachment, the clerk entered the order in the usual form as if direction had been given. The court was actually in session at the time the special order was entered upon the minutes, and the clerk was following the usual practice of the court as to jurisdictional facts upon which a judge would have directed the entry of the order, had it been brought to his personal attention. *Held*, the order will not be vacated on the ground that there was no compliance with the rule, the court having power to sanction the action of the clerk, as well after as before the issuance of process; it appearing that an order was made by the court directing that process be issued to the marshal.

In Admiralty. Libel by Mandel Gottesman and David S. Gottesman, doing business under the firm name and style of M. Gottesman & Son, against the Canada Atlantic & Plant Steamship Company, Limited, in which a foreign attachment was issued. On application to vacate the writ of foreign attachment. Application denied.

Kirlin, Woolsey & Hickox, of New York City, for libelants.
Bullowa & Bullowa, of New York City, for respondent.

CHATFIELD, District Judge. Application is made to vacate a writ of foreign attachment, upon the ground that the libelants did not comply with rule 7 of the United States Supreme Court Rules in Admiralty (29 Sup. Ct. xxxix), and procure a special order of court for the issuance of the attachment.

It appears that an order *was* made by the court directing that process be issued to the marshal. Ordinarily, as set forth in Benedict's Admiralty, § 343, the judge, in order to pass upon the "affidavit or other proof showing the propriety thereof," makes an indorsement upon the papers: "Let process with writ of foreign attachment issue." In the present case this indorsement was not placed upon the papers, and it is admitted for the purposes of the motion that no judge gave any special direction to the clerk for the making of the order, but that this was made in the usual form by the clerk, as if such direction had been given. It was admittedly too late to issue a new process when the matter was called to the attention of the court, inasmuch as by that time the respondent had appeared by attorney and could therefore be found in the district. Birdsall v. Germain Co. (D. C.) 227 Fed. 953.

When the point was called to the court's attention, an order was made by the District Judge denying an oral application to vacate the attachment. This court held that a special order had been made, and that the court could sanction the action of the clerk after as well as before the issuance of process, since the facts made it appear that the court was actually in session at the time the special order was entered upon the minutes, and that the clerk was following the usual practice of the court as to the jurisdictional facts upon which a judge would have directed the entry of the order, if it had been brought to his personal attention. Bryan v. Ker, 222 U. S. 107, 32 Sup. Ct. 26, 56 L. Ed. 114.

The case is not like Brown v. Pond (D. C.) 5 Fed. 31, and U. S. v. Rose (D. C.) 14 Fed. 681, where a statutory requirement was absent, nor like The Berkeley (D. C.) 58 Fed. 920, in which the court was not

in session when the clerk assumed to enter an order which, under the rule, could be made only by the judge in person.

But the court went further, and directed the libelant to give a further bond for costs (which has been done), and provided that the respondent might at any time renew the claim of jurisdictional defect, a right which could not be taken away, but which the court attempted, by that method, to show had not in any way been waived.

The present motion was made under that permission, and has been coupled with a question as to the merits of the cause of action, which will be saved for the trial of the cause.

The renewal of the original motion will be disposed of as before, and hence must be denied.