DULUTH   BREWING   &   MALTING   CO., APPELLANT, *v.*
ALLEN, RESPONDENT.

(No. 3,525.)

(Submitted May 8, 1915.   Decided June 4, 1915.)

[149 Pac. 494.]

*Attachment — Nature   of   Remedy — Prerequisites — Defective
Summons—General   Appearance—Waiver.*

Attachment—Nature of Remedy.
 1.   Attachment is a summary proceeding ancillary to the action in which it is issued, is of statutory origin and depends for its validity upon a compliance with the statutory requirements.

Same—Prerequisites.
 2.   Under section 6656, Revised Codes, the requirements essential to the issuance of a writ of attachment are, (1) That an action upon a contract, express or implied, shall be pending, and (2) that a valid summons shall have been issued in the action prior to or at the time the writ is issued.

Same—Void Summons—Effect.
 3.   Under section 6515, Revised Codes, providing, among other things, that the summons must contain the names of the court in which it is brought, the county in which the complaint is filed, *etc.*, a summons entitled in the district court of V. county, though the action was brought and was then pending in S. county, was void and could not support a writ of attachment.

  [As to irregularities and defects which will avoid attachment, see note in 79 Am. Dec. 164.]

Same—Valid Subsequent Summons—Effect.

    4.  A valid summons issued after the issuance and service of a writ of attachment in the action could not give legal effect to the writ rendered invalid by a defective original summons.

Same—General Appearance—Waiver.

    5.  Defendant's general appearance, though it operated as a waiver of defects in the summons so far as the action itself was concerned, had no effect upon the ancillary attachment proceeding, and did not defeat his right to move thereafter to have the attachment discharged.

*Appeal from District Court, Sheridan County; Frank N. Utter, Judge.*

ACTION by the Duluth Brewing & Malting Company against Barney Allen. From an order discharging an attachment, plaintiff appeals. Affirmed.

*Mr. R. O. Lunke,* for Appellant, submitted a brief; *Mr. J. R. Wine, Jr.,* of Counsel, and *Mr. Lunke* argued the cause orally.

The "summons is not vitiated by the mere fact that it is entitled the court of the 'Third District Minnesota' instead of 'Fourth District, State of Minnesota,' for such error is purely technical, and could not affect the substantial rights of the defendant." (*Hanna* v. *Russell,* 12 Minn. 80; see, also, *Nix* v. *Gilmer,* 5 Okl. 740, 50 Pac. 131; *American Oil Cloth Co.* v. *Slonov,* 59 Misc. Rep. 218, 110 N. Y. Supp. 289; *Galveston, H. & S. A. Ry. Co.* v. *Coker* (Tex. Civ. App.), 135 S. W. 179; *Crane* v. *Brannan,* 3 Cal. 192.)

The defect in the summons was cured by the complaint. (*Bradey* v. *Mueller,* 22 S. D. 534, 118 N. W. 1035; *Williams* v. *Williams,* 221 Ill. 541, 77 N. E. 928; *First National Bank* v. *Rusk,* 64 Or. 35, 44 L. R. A. (n. s.) 138, 127 Pac. 780, 129 Pac. 121.) In the foregoing case, not only was the summons defective in that the name of the county was left blank, but it was also defective in stating the amount sued for, which was distinctly one of the requirements of the Oregon statutes. (See, also, *Robinson* v. *Peru Plow etc. Co.,* 1 Okl. 140, 31 Pac. 988; *Galveston, H. & S. A. Ry. Co.* v. *Coker* (Tex. Civ. App.), 135 S. W. 179; *Higley* v. *Pollock,* 21 Nev. 198, 27 Pac. 895, 897; *Brown* v. *Eaton,* 37 How. Pr. (N. Y.) 325.)

While it is advisable in the issuance of the summons that the statute should be literally complied with, a departure therefrom cannot be held to be prejudicial to the proceeding under it, especially where, as in the case at bar, the defendant has not been prejudiced. The provisions of the statute should be construed with a view to carry into effect its object and to promote justice and not to harass litigants and the court by frivolous objections where the substantial rights of the parties are in no manner affected. (*Bewick* v. *Muir,* 83 Cal. 368, 23 Pac. 389; *Clark* v. *Palmer,* 90 Cal. 504, 27 Pac. 375.)

*Mr. J. A. Heder* and *Mr. C. E. Comer,* for Respondent, submitted a brief; *Mr. Comer* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On March 2, 1914, this action was commenced in the district court of Sheridan county to recover a balance alleged to be due for goods, wares and merchandise sold and delivered by the plaintiff to the defendant. On the same day a summons and writ of attachment were issued, and thereafter certain property belonging to the defendant was seized by virtue of the attachment. On March 28 an *alias* summons was issued. On May 8 the defendant appeared by general demurrer, and on May 16 moved the court to discharge the attachment on the ground that it had been issued prior to the issuance of a valid summons. This motion was sustained and from the order discharging the attachment plaintiff appealed.

Attachment is classified by our Codes as a provisional remedy. It is a summary proceeding ancillary to the action in which it is issued. As employed in sections 6656–6692, Revised Codes, the writ was unknown to the common law. It is of statutory origin and depends for its validity entirely upon a compliance with the statutory requirements. Those requirements are (a) that an action upon a contract, express or implied, shall be pending, and (b) that a valid summons shall

be issued in the action prior to or at the time the writ of attachment is issued. (Sec. 6656, Rev. Codes.) In *Sharman* v. *Huot,* 20 Mont. 555, 63 Am. St. Rep. 645, 52 Pac. 558, the foregoing section received consideration, and it was held that a writ of attachment issued prior to the issuance of a valid summons is [3] void. The summons in this action dated March 2, 1914, was entitled in the district court of Valley county, though the action was brought, and was then pending, in Sheridan county. Section 6515, Revised Codes, provides: "The summons must be directed to the defendant, signed by the clerk, and issued under the seal of the court and must contain: The names of the parties to the action, the court in which it is brought, and the county in which the complaint is filed, and must be substantially as follows. * * * " In *Sharman* v. *Huot,* above, the provisions of this section were declared to be mandatory, following *Black* v. *Clendenin,* 3 Mont. 44; *Sawyer* v. *Robertson,* 11 Mont. 416, 28 Pac. 456, and *Choate* v. *Spencer,* 13 Mont. 127, 40 Am. St. Rep. 425, 20 L. R. A. 424, 32 Pac. 651. Whatever may be said of those earlier decisions, this much is true: Section 6515 was enacted to be observed. The courts have no authority to ignore its plain provisions altogether. To hold that there was substantial compliance with its requirements in this instance would do violence to every rule of construction and render the language of the statute meaningless. The summons directed the defendant to appear in the district court in and for Valley county, where no proceeding was pending against him. He was not summoned to appear in the district court of Sheridan county, where the action in question was pending. The summons does not conform substantially to the requirements of the statute, and for that reason is invalid. *Smith* v. *Ellendale Mill Co.,* 4 Or. 70, is directly in point upon the facts and supports our conclusion. To the same effect is *Gill* v. *Hoblit,* 23 Ill. 473.

The so-called *alias* summons was not such in fact. (Rev. Codes, sec. 6516.) It was the first valid summons issued in the [4] action, but it could not give legal effect to the writ of attachment. It was issued long after the writ of attachment was

issued and served.   In *Sharman* v. *Huot* above, the court said: "The subsequent issuance of the summons cannot give effect to that which was void from the beginning."

Neither did the general appearance of the defendant militate against his right to move to have the attachment discharged. Under the statute in force in the territory at the time of the decision in *Vaughn* v. *Dawes*, 7 Mont. 360, 17 Pac. 114, a motion to discharge an attachment had to be made before the time for answering expired.   (Sec. 200, First Div., Comp. Stats. 1887.) Under our present Code (sec. 6681) the application may be made at any time either before or after the release of the attached property, or before any attachment shall have been actually [5] levied.   The general appearance of the defendant operated as a waiver of any defects in the summons, so far as the action itself was concerned, but it did not have any effect whatever upon the ancillary proceeding.   If the defendant appears in an action, it is immaterial whether a summons was issued or not, so far as the question of jurisdiction of the person is concerned. The judgment would be as valid if summons had not issued, as it would be if it had been regularly issued and served.   But when a party seeks extraordinary relief by way of attachment, it is incumbent upon him to pursue the statute which affords him such relief and without which it cannot be had.   The issuance of summons is not necessary to the recovery of judgment if the defendant appears generally, but it is essential to the right to have the defendant's property attached, whether he appears in the action or does not.

The order of the district court is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.