STATE EX REL. JERRY, RELATOR, v. DISTRICT COURT
ET AL., RESPONDENTS.

(No. 4,546.)

(Submitted January 19, 1920. Decided February 24, 1920.)

[188 Pac. 365.]

*Supervisory Control—Default Judgment—Vacation—Irregularity in Summons—Harmless Error.*

Summons—Indorsement of Name of Plaintiff's Attorney—Purpose of Requirement.
1.   The purpose of the requirement of section 6515, Revised Codes, that the name of plaintiff's attorney must be indorsed on the summons, is to advise defendant who plaintiff's attorney is, so that he may know to whom notice must be given of any step he may desire to take in his defense.

Same—Failure of Indorsement of Attorney's Name—Insufficient Ground for Vacation of Default Judgment.
2.   *Held,* on application for writ of supervisory control to annul an order vacating a default judgment made because the name of plaintiff's attorney had not been indorsed on the summons, that defendant having been served with a copy of the complaint upon which appeared the name of such attorney and, in pursuance of the knowledge thus gained, discussed a compromise of the case with him, the substantial rights of defendant were not injuriously affected by the omission, and that vacation of the judgment was error.

District Courts—Procedural Irregularities—Harmless Error.
3.   Under section 6593, Revised Codes, district courts must, at every stage of a case, disregard procedural irregularities and omissions which do not affect the substantial rights of the parties.

Supervisory Control—Lies When.
4.   The fact that an appeal is available to relator on application for writ of supervisory control is not conclusive of his right to the relief prayed for, if the case presented is exigent and the remedy by appeal is inadequate.

Original application by the State, on the relation of H. E. Jerry, for writ of supervisory control to annul an order of the District Court of the Eighteenth Judicial District in and for the county of Hill, vacating a default judgment. Order annulled.

*Mr. Frank N. Utter* and *Messrs. McIntire & Murphy,* for Relator, submitted a brief; *Mr. Homer G. Murphy* argued the cause orally.

*Mr. Jos. P. Donnelly*, for Respondents, submitted a brief and argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Original application to this court for an order under its supervisory power to annul an order of the district court of Hill county vacating a judgment.

On October 3, 1919, the relator commenced an action in the district court of Hill county against M. O'Connell, to recover of him damages for injury alleged to have been done by him to relator's property. Because of his failure to obtain service of the original summons issued upon the filing of the complaint, the relator procured the issuance of an *alias* summons. This was served on O'Connell by delivery to him of a copy attached to a copy of the complaint. It did not set forth, either on its face or by indorsement on the back, the name of relator's attorney, but the complaint and the copy served on O'Connell were signed by the attorney, and his name was indorsed thereon. After service and before O'Connell was in default, he called on the attorney of relator at his office and discussed with him a possible compromise of the action, saying that he still had five days in which to appear to make his defense. No appearance was thereafter made by him. His default was entered, and, upon proof furnished by the relator, judgment rendered and entered on November 13, 1919. Execution was thereupon issued, and levy made by the sheriff thereunder upon O'Connell's property sufficient to satisfy the judgment. On December 30, 1919, O'Connell applied to the court for an order vacating and setting aside the judgment, the execution and all proceedings under it, and directing the property held by the sheriff to be returned to O'Connell, on the sole ground that the name of relator's attorney was not indorsed upon the *alias* summons. The application was made, and the order was granted without notice to relator. Thereupon this proceeding was brought to have the order annulled. In response to the order to show cause

issued by this court, the defendant court appeared by counsel and filed a motion to quash and to dismiss the proceeding, alleging several grounds, all of which are included in the general ground that the facts stated in the petition are not sufficient to warrant relief. Upon the questions so raised, the proceeding was submitted for final decision.

1. The provisions of the Revised Codes pertinent here are the following: Section 6515, after prescribing the form and contents of the summons in a civil action, declares: "The name of the plaintiff's attorney must be indorsed on the summons." Section 6518 prescribes how the summons must be served. It contains this provision: "A copy of the complaint must be served with the summons, unless one or more defendants are residents of the same county, in which case a copy of the complaint need only be served upon one of such defendants." Section 8061 provides: " * * * The Code establishes the law of this state respecting the subjects to which it relates, and its provisions, and all proceedings under it, are to be liberally construed with a view to effect its objects and to promote justice." Section 6593 declares: "The court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect."

We think that if any force is to be given to the last three sections, construed in connection with section 6515, the order complained of was wholly unwarranted. It is true that the language of section 6515 is mandatory in terms. Hence this court has consistently held that an omission by the clerk to embody in the summons the contents prescribed by it, or to subscribe his name, or to affix his seal to it renders it fatally defective, so that, by service of it, the court does not acquire jurisdiction of the defendant. (*Sawyer* v. *Robertson,* 11 Mont. 416, 28 Pac. 456; *Choate* v. *Spencer,* 13 Mont. 127, 40 Am. St. Rep. 425, 20 L. R. A. 424, 32 Pac. 651; *Sharman* v. *Huot,* 20 Mont. 555, 63 Am. St. Rep. 645, 52 Pac. 558; *Duluth Brewing Co.* v. *Allen,*

51 Mont. 89, 149 Pac. 494.)   There was not in this case a compliance with the provision quoted above; for the name of the attorney did not appear upon the summons at all, but at the end of the complaint and by indorsement on the back of it.   The [1]   evident purpose of requiring the indorsement is to furnish the defendant with knowledge who the attorney of the plaintiff is, so that he may know to whom notice must be given of any step he may desire to take in his defense.   (*Shinn* v. *Cummins*, 65 Cal. 98, 3 Pac. 133; *Foore* v. *Simon Piano Co.*, 18 Idaho, 167, 108 Pac. 1038.)

If it were not apparent that O'Connell did not suffer preju-[2]   dice by the clerk's omission, we should be inclined to dismiss this application, for the provision is expressed in the same mandatory terms as are all the other provisions contained in the section; but section 6518 requires a copy of the complaint to be served with the summons.   The name of relator's attorney appeared at the bottom of this copy and upon the back of it. That O'Connell gained from this the knowledge which section 6515 requires to be given him by the summons is apparent from the fact that he called on relator's attorney at his office and discussed a compromise of the case with him.   Under these circumstances we think the maxim, "When the reason of a rule ceases, so should the rule itself," applies.   (Rev. Codes, sec: 6178.)   This seems necessary when we consider that by section 8061 the Code and all proceedings under it "are to be liberally construed with a view to effect its objects and to promote justice."   In addition to this injunction, the courts are commanded by section 6593 to disregard any error or defect which does not affect the substantial rights of the parties.   Commenting upon this section, in *Copenhaver* v. *Northern Pac. Ry. Co.*, 42 Mont. [3]   453, 113 Pac. 467, this court said: "We doubt if the bench and bar of the state have given this statute the consideration, scope, force and effect to which it is entitled.   It is plain and requires no interpretation.   This court is commanded to give judgment on appeal without regard to errors which do not affect the substantial rights of the parties.   The statute was designed

to prevent reversals of causes wherein substantial justice has already been done. It was intended to put a speedy end to litigation, when that object can be attained without injustice." What was there said had reference particularly to the duty of this court in reviewing cases brought here by appeal; but the statute is directed none the less to the district courts, and it is equally their duty at every stage of every case to obey its injunction. Therefore, though the clerk did not obey the mandatory direction of section 6515, O'Connell could not, after having been informed of the name of the attorney and having acted upon this information, claim that his substantial rights had been affected in the least.

The supreme court of Idaho has held that, since a provision similar to that in section 6515, *supra*, has no reference to the form and contents of the summons, it is merely directory, and hence, when service is by publication, the omission to print the name of the attorney with the published summons is not fatal. (*Foore* v. *Simon Piano Co., supra.*) We are not disposed to go so far as this, because it is not necessary. We are not ready to say that when there are two or more defendants residing in the same county, the information conveyed to one of them by the copy of the complaint, as here, though acted upon by him, would be a sufficient compliance with the statute as to the one or more defendants not served with such a copy. We go no further than to hold that under the circumstances of the instant case the defendant ought not to be heard to complain that he suffered prejudice.

Several cases are cited by counsel for relator in support of their position that the respondent court was in error in vacating the judgment. None of them are directly in point in their facts, but all of them support the conclusion that a defendant who cannot, or does not, show that he has suffered prejudice is not entitled to complain of the clerk's omission. We cite those which are more directly in point: *Shinn* v. *Cummins, supra; Foore* v. *Simon Piano Co., supra; Serrano* v. *Berdiel,* 22 Porto Rico, 416; *People* v. *Wrin,* 143 Cal. 11, 76 Pac. 646; *Lee* v. *Clark,*

53 Minn. 315, 55 N. W. 127; *Mabbett* v. *Vick,* 53 Wis. 158, 10 N. W. 84.

2. It is true that relator has an appeal from the order.   That [4] this is so, however, is not conclusive of his right to relief in this proceeding.   In the early case of *State ex rel. Whiteside* v. *District Court,* 24 Mont. 539, 63 Pac. 395, this court held that this proceeding may be resorted to even though the relator has an appeal, if the case is exigent and the remedy by appeal is inadequate.   It appears that the relator had secured certain satisfaction of his judgment by a levy by the sheriff upon sufficient property belonging to O'Connell.   The sheriff was, by the order of the district court, directed to release the levy and return the property to O'Connell.   In the meantime, pending the appeal which in regular course could not be heard earlier than after the lapse of two years, the property would be almost certainly disposed of, and the relator thus defeated in having satisfaction of his judgment.   In our opinion, this made the case sufficiently exigent to justify his application to this court for relief.

The order is annulled.

*Order annulled.*

ASSOCIATE JUSTICES HOLLOWAY, HURLY and MATTHEWS concur.

MR. JUSTICE COOPER, being absent, takes no part in the foregoing decision.