HOLT, RESPONDENT, *v.* SATHER, APPELLANT.

(No. 6,228.)

(Submitted January 11, 1928.   Decided February 4, 1928.)

[264 Pac. 108.]

*Divorce — Summons by Publication — Omission of Name of Plaintiff's Attorney — Summons Void — Jurisdiction — Alimony—Suit Money — Discretion — Judgment—Collateral Attack—Pleading and Practice—Answering Over After Demurrer Overruled—Waiver—Statutory Construction.*

Pleading and Practice—Answering Over After Demurrer or Ambiguity Overruled—Waiver of Defect.

1.   Where, after defendant's special demurrer to the complaint on the grounds of ambiguity, unintelligibility and uncertainty was overruled, he made answer and went to trial, the alleged defect in the pleading will be held to have been waived.

Judgments — Collateral Attack — Validity of Judgment Determinable from Judgment-roll.

2.   The validity or invalidity of a judgment, when attacked collaterally, must be determined solely from the judgment-roll.

Summons—Legal Service or Voluntary Appearance Requisite to Jurisdiction of Person of Defendant.

3.   Without voluntary appearance of or legal service of summons upon defendant, the court does not acquire jurisdiction of his person and without such jurisdiction there can be no valid judgment.

Same—Service by Publication—Strict Observance of Statutory Requirements Necessary—Presumptions.

4.   A more accurate observance with statutory provisions relative to service of summons is required in the case of constructive service than in personal service, and the presumption in favor of jurisdiction upon rendition of judgment is not as strong when the judgment is based upon constructive service as when based upon personal service.

Same—Service by Publication—Name of Attorney must Appear in Published Summons.

5.   *Held,* that the provision of section 9107, Revised Codes, 1921, that the name of plaintiff's attorney *must* be indorsed on a summons is mandatory, unless it be affirmatively shown that the absence of his name could not possibly have worked prejudice to defendant, and that under section 9119, Id., which inter alia provides that where service is had by publication, the summons shall

1.   Filing other pleading as waiver of objection to overruling of demurrer, see note in Ann. Cas. 1913B, 388.

2.   See 15 Cal. Jur. 59.

3.   See 21 Cal. Jur. 476.

4.   See 21 Cal. Jur. 495; 15 R. C. L. 889; 21 R. C. L. 1283.

contain what is prescribed by section 9107, the published summons must also bear the name of plaintiff's attorney, and that if it does not, it is void.

Statutory Construction — Long Usage and Practice Entitled to Consideration.

6. In construing a statute, common usage and practice under it, long acquiesced in by all parties concerned, is frequently of great value in determining its real meaning.

Divorce—Publication of Summons—Omission of Name of Plaintiff's Attorney Fatal to Jurisdiction.

7. Under the doctrine that one presumption may not rest upon another presumption, *held* that where defendant in a divorce proceeding was a resident of another state who was served with published summons fatally defective because of the omission of the name of plaintiff's attorney therefrom, the fact that an alias summons accompanied by a copy of the complaint both bearing the name of the attorney, were mailed to his last known place of residence was an insufficient affirmative showing of nonprejudice to defendant, since the presumption that defendant received the copies would have to rest upon the further presumption that he continued to reside at his "last known place of residence."

Same—Alimony—Attorney's Fees—Suit Money—Allowance in Discretion of Trial Court.

8. The matter of allowance of alimony to a wife pending suit for divorce, and of attorney's fee and suit money, is addressed to the sound discretion of the trial court.

---

[1]　Pleading, 31 **Cyc.**, p. 746, n. 26.

[2–4]　Appearances, 4 **C. J.**, sec. 41, p. 1350, n. 26.　Courts, 15 **C. J.**, sec. 96, p. 798, n. 64.　Judgments, 33 **C. J.**, sec. 42, p. 1079, n. 94; 34 **C. J.**, sec. 834, p. 530, n. 15; sec. 842, p. 542, n. 99.　Process, 32 **Cyc.**, p. 483, n. 74.

[5]　Courts, 15 **C. J.**, sec. 315, p. 925, n. 46.　Process, 32 **Cyc.**, p. 428, n. 60, p. 442, n. 85, p. 484, n. 76.

[6]　Statutes, 36 **Cyc.**, p. 1139, n. 60.

[7]　Divorce, 19 **C. J.**, sec. 254, p. 103, n. 24.　Evidence, 22 **C. J.**, sec. 27, p. 85, n. 72.　Process, 32 **Cyc.**, p. 513, n. 5.

[8]　Marriage, 38 **C. J.**, sec. 137, p. 1359, n. 68; sec. 140, p. 1361, n. 91.

*Appeal from District Court, Powder River County; S. D. McKinnon, Judge.*

Action by Stephen A. Holt, Jr., against Edna G. Sather, for annulment of an alleged void marriage. Judgment for plaintiff and defendant appealed. Affirmed.

---

6.　See 23 Cal. Jur. 770; 25 R. C. L. 1042.

8.　Alimony and its allowance, see note in 60 **Am. Dec.** 664.　See 8 Cal. Jur. 964; 1 R. C. L. 892.

*Mr. D. L. O'Hern,* for Appellant, submitted a brief and argued the cause orally.

Failure to indorse the attorney's name on the face of the summons for publication is not jurisdictional and does not render the subsequent proceedings void. (*People* v. *Wrin,* 143 Cal. 11, 76 Pac. 646; *People* v. *McAllister,* 143 Cal. xviii, 76 Pac. 1128; 32 Cyc. 442, 443, citing with approval, *Gillett* v. *Miller,* 12 Ohio C. C. 209; *Hoff* v. *Clark* (Tex. Civ. App.), 200 S. W. 431; *Gigoux* v. *Griffith,* 109 Kan. 275, 199 Pac. 103; *Shinn* v. *Cummins,* 65 Cal. 98, 3 Pac. 133; *Foore* v. *Simon Piano Co.,* 18 Idaho, 167, 108 Pac. 1038; *McKnight* v. *Grant,* 13 Idaho, 629, 121 Am. St. Rep. 287, 92 Pac. 989; *Strode* v. *Strode,* 6 Idaho, 67, 96 Am. St. Rep. 249, 52 Pac. 161; *Orvis* v. *Goldschmidt,* 2 Civ. Proc. Rep. (N. Y.) 314, 2 McCarty, 250; *Sullivan* v. *Harney,* 53 Misc. Rep. 249, 38 Civ. Proc. Rep. 345, 103 N. Y. Supp. 177; *Wiggins* v. *Richmond,* 58 How. Pr. (N. Y.) 376; *Hull* v. *Canandaigua Electric Light & Ry. Co.,* 55 App. Div. 419, 66 N. Y. Supp. 865; *Littauer* v. *Stern,* 177 N. Y. 233, 69 N. E. 538.)

*Mr. Rudolph Nelstead,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE MYERS delivered the opinion of the court.

This is an action for annulment of an alleged void marriage between plaintiff and defendant. September 4, 1920, defendant and one Glenwell E. Sather intermarried. September 20, 1922, in the district court of Powder River County, the defendant herein began an action for divorce, upon the ground of desertion, from her husband, Glenwell E. Sather. The defendant therein, Glenwell E. Sather, was a nonresident of Montana. Service on him was undertaken to be obtained by mailing to him copies of complaint and summons and by publication of summons in a weekly newspaper published at Broadus, county-seat of Powder River County, and an alias summons was published therein four times. November 28,

1922, the default of the defendant in that action, for want of any appearance, was entered and, that day, the judge, for the court, signed a paper, designated "judgment and decree," purporting to grant the plaintiff in the action, this defendant, Edna G. Sather, a divorce from her husband, Glenwell E. Sather. Thereafter and on the sixteenth day of August, 1923, a marriage ceremony, purporting to unite in marriage plaintiff and defendant herein, was performed.

Plaintiff's complaint in this action alleges the foregoing narrated facts and further alleges that the above-mentioned Glenwell E. Sather is still living; also that the decree granted to this defendant, purporting to divorce her from her husband, Glenwell E. Sather, was and is void, for lack of jurisdiction in the court, and, therefore, the purported marriage between plaintiff and defendant was and is void. To the complaint, as a part thereof, is attached a copy of the judgment-roll in the above-mentioned divorce action.

The complaint specifies four alleged defects in the judgment-roll of the divorce action which it is alleged render void the decree granted therein, viz.: (1) The name of the plaintiff's attorney is not indorsed on the summons, as published; (2) the published summons does not contain a general statement of the nature of the action; (3) the summons, as published, is not dated; (4) proof of publication of the summons was made by the manager of the newspaper and not by the printer or his foreman or principal clerk.

To the complaint defendant demurred generally; also specially, upon the grounds of ambiguity, unintelligibility and uncertainty. The demurrer was overruled as to the whole thereof.

Soon after appearing by demurrer and before the court's ruling thereon, defendant made application to the court for allowance of certain sums of money for attorney fee, suit money and subsistence during pendency of the action and, in support of her application, she served and filed an affidavit made by her. An order to show cause was made and a hearing was had, at which testimony was given. From the record and the briefs of counsel, it would appear the court ordered paid

certain sums as attorney fee and suit money, which counsel for plaintiff claims were paid, and denied the application for allowance for subsistence pendente lite.

Thereafter and after the overruling of her demurrer, defendant answered. The answer admits substantially all of the allegations of fact of the complaint and alleges that, at the time of the institution of the divorce action, the defendant therein, Glenwell E. Sather, resided at Blair, Wisconsin, to which place, it alleges, copy of complaint and copy of summons in the divorce action, addressed to him, were mailed, and that, at that place, he received the copies and he thereby knew of the pendency of the divorce action. It denies that the divorce decree was or is void and denies that the marriage between plaintiff and defendant was or is void.

Thereafter, the cause was tried to the court, without a jury. Testimony was heard and evidence was submitted on behalf of plaintiff. No evidence was offered on behalf of defendant. Thereupon, the court rendered its decree, in favor of plaintiff and against defendant, adjudging void the marriage between plaintiff and defendant and annulling it.

Defendant appealed from the judgment and assigns two specifications of error: (1) That the court erred in overruling defendant's demurrer to the complaint; (2) that the court erred in denying defendant's application for alimony pendente lite and allowances for defending the action.

We shall first take up and dispose of the first specification. As to that specification, counsel for defendant contends that the decree of divorce granted defendant was valid. Counsel for plaintiff contends her decree was void by reason of each of the four grounds alleged in the complaint and which we have recited.

The specification is based on defendant's demurrer, general **[1]** and special. By going to trial after the overruling of the demurrer, defendant waived the contention of her special demurrer, i. e., that the complaint is ambiguous, unintelligible and uncertain. (*Pue* v. *Wheeler,* 78 Mont. 516, 255 Pac. 1043.) That leaves, to be considered, only her general demur-

rer. It raises the issue if the complaint states a cause of action.

We begin our consideration of that issue by taking up the first of the grounds advanced by counsel for plaintiff in his attack upon the divorce decree, i. e., omission from the published summons of the name of plaintiff's attorney. To clarify the situation, it is agreed by the counsel that this action is a collateral attack upon the divorce decree and that, for the complaint to be upheld, the decree must be void and not voidable only. In that we concur. Furthermore, being a collateral attack, the [2–4] validity or invalidity of the decree must be determined solely from the judgment-roll. (*Burke* v. *Inter-State Savings & Loan Assn.*, 25 Mont. 315, 87 Am. St. Rep. 416, 64 Pac. 879; *State ex rel. Thompson* v. *District Court*, 57 Mont. 432, 188 Pac. 902.)

Therefore, proceeding on that basis, the immediate question before us is: Does the omission from a published summons of the name of plaintiff's attorney, under the circumstances here shown, render void, for want of jurisdiction of the person of defendant, a decree in the action? Of course, if rendered void, it must be for want of jurisdiction of the person.

Section 9107, Revised Codes, 1921, in force now and at the time of the divorce action herein considered, provides how a summons must be issued and what it must contain, and says it "must be substantially as follows." Then is set forth a form, to be used. After that and in the same section is this provision: "The name of the plaintiff's attorney must be indorsed on the summons." Throughout the section the word "must" is used in setting forth its requirements.

In this case, the record shows that, in the divorce action, the name of the plaintiff's attorney was indorsed on the alias summons, issued for publication, but that, in the publication thereof, his name did not appear.

In an action at law or a suit in equity, in the absence of voluntary appearance of a defendant, a summons is the instrument by which the court obtains jurisdiction of the person of the defendant. The service of the summons is the method

by which the court brings the defendant within its jurisdiction. Without jurisdiction, there cannot be a valid judgment. Without voluntary appearance or legal service of summons, jurisdiction is not acquired. (21 R. C. L. 1262.)

In this state, as in most jurisdictions, two kinds of service of summons are known: personal and constructive. Personal service is that had upon a defendant, in person, within the state. Constructive service is had by publication of the summons, when the defendant is a non-resident or has departed from the state or cannot, after due diligence, be found within the state or conceals himself to avoid service; and, if the place of residence of the defendant be known, by mailing to him, at his place of residence, a copy of the complaint and a copy of the summons, in addition to such publication. (Secs. 9117, 9118, Rev. Codes, 1921.)

It is the settled judicial policy of this state that more accurate observance, with regard to compliance with provisions of the statutes, is required in constructive service than in personal service; also that less presumption in favor of jurisdiction of a court, upon rendition of judgment, is indulged in when the judgment is based upon constructive service than when based upon personal service. (*Burke* v. *Inter-State Savings & Loan Assn.*, supra.) In the divorce action under consideration, if the court acquired jurisdiction of the defendant therein, the decree granted is valid; if it did not, the decree is void.

For the purpose of analysis, the question being considered [5] may be divided and restated aptly, we believe, in these two questions: (1) Is the requirement that the name of the plaintiff's attorney must be indorsed on the summons mandatory? (2) If mandatory, is it essential that it appear in the printed copy, as well as on the summons, itself, when published, in a case of constructive service? If the requirement be mandatory, it is essential to jurisdiction (*Sharman* v. *Huot*, 20 Mont. 555, 63 Am. St. Rep. 645, 52 Pac. 558; *Duluth Brewing & Malting Co.* v. *Allen*, 51 Mont. 89, 149 Pac. 494); at least it is so unless it be affirmatively shown there is no pos-

sibility of prejudice. (*State ex rel. Jerry* v. *District Court,* 57 Mont. 328, 188 Pac. 365.) If essential to jurisdiction, it would seem the name must appear in the printed copy, as well as on the original. (*State ex rel. Jerry* v. *District Court,* supra.) We consider that both of the two last foregoing questions have been answered by the holdings of prior decisions of this court. Let us see what are those holdings and, therefore, the answers.

In *Choate* v. *Spencer,* 13 Mont. 127, 40 Am. St. Rep. 425, 20 L. R. A. 424, 32 Pac. 651, a case wherein was undertaken personal service, a judgment of the district court was held void, because the summons on which it was based did not bear the seal of the court, as required by statute.

In *Sharman* v. *Huot,* supra, another case of personal service, it was held that a purported summons, assumed to be issued and served but not signed by the clerk, was void. Speaking of the statute which prescribes the requisites of a summons, the opinion says: "The language is mandatory. The summons must be signed by the clerk. His signature is a matter of substance. It is a fundamental part of the summons. Without it there is no summons." The opinion then quotes, with approval, from *Sidwell* v. *Schumacher,* 99 Ill. 433, which case holds that statutory requirements with regard to a summons are mandatory and that a failure on the part of the official, whose duty it is to issue it, to comply with the law in that respect will render the process void.

In *Duluth Brewing & Malting Co.* v. *Allen,* supra, an action instituted and pending in Sheridan County, a summons issued therein was entitled as of in the district court of Valley County, instead of Sheridan County. Bear in mind that was not in the body of the summons; it was in the caption. The statute, then in force, required, as it does now, the summons to contain the name of the county in which the complaint was filed. This court held the summons void. The opinion says: "Section 6515 [now 9107] was enacted to be observed. The courts have no authority to ignore its plain provisions altogether.

\* \* \* The summons does not conform substantially to the requirements of the statute and for that reason is invalid.'' It may be noted the service undertaken in that case was personal. The cases cited are all cases which involved personal service and in constructive service the law is even more scrutinizing.

The Montana case which sheds the most light is that of *State ex rel. Jerry* v. *District Court,* supra. It was an application for the writ of supervisory control. The opinion discusses an instance of personal service. The copy of the summons, delivered to the defendant in an action, did not bear the name of the plaintiff's attorney. With it was delivered to him, as required by statute, a copy of the complaint. It was signed by plaintiff's attorney and his name was indorsed on the back of it, as well. The defendant suffered judgment to go against him by default. Thereafter, the defendant applied to the district court to have vacated the judgment, upon the sole ground that the name of the plaintiff's attorney was not indorsed on the summons, as appeared by the copy delivered. The application was made and ordered granted without notice. The proceeding above entitled was brought in this court, to have set aside the order of the district court. From the opinion in the case, we learn that, fifteen days after the service of summons and before defendant was in default, he called on plaintiff's attorney and discussed the case with him, with a view to a compromise, and remarked that he had remaining five days in which to appear, thus showing by incontestable evidence that he had personal knowledge of the pendency of the action and who was plaintiff's attorney and his rights in the premises. What more information could the attorney's name on the copy of the summons, had it been there, have given him?

In its opinion, this court held the statutory provisions for issuance and service of summons to be mandatory and held there had not been compliance therewith but held that the defendant had not been prejudiced thereby and ordered set aside the order vacating the judgment. The court justified

its action solely on the ground that, under the peculiar circumstances existing, it was affirmatively shown that the defendant knew of the action and the time for appearing therein and knew who was plaintiff's attorney and had not suffered prejudice; and the court did it, the opinion says, because of the Code provision that all provisions of the Code (Civil Procedure) "are to be liberally construed with a view to effect its objects and to promote justice" and another Code provision that "the court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties." There was every reason in right and justice for the court's decision. It was affirmatively shown that the defendant had been given all the knowledge the law required to be given, only in a slightly irregular way. Pertinently, the opinion of the court says "when the reason for a rule ceases, so should the rule, itself." (Sec. 8739, Rev. Codes, 1921.) However, the knowledge conveyed undeniably, by personal service, to the defendant in that case and which, under the liberal construction Code provisions invoked, was held sufficient, and under which knowledge it was held the reason for the rule ceased, is far different from the attempted showing of knowledge, by constructive service, in the case at bar.

The opinion in the case of *State ex rel. Jerry* v. *District Court,* supra, contains some very significant language. Speaking of the failure to indorse on the summons the name of plaintiff's attorney, it says: "If it were not apparent that O'Connell [the defendant] did not suffer prejudice by the clerk's omission, we should be inclined to dismiss this application, for the provision [indorsement of attorney's name] is expressed in the same mandatory terms as are all the other provisions contained in the section"; meaning the section relating to contents and issuance of summons. The opinion plainly shows the court of the opinion that the requirement of indorsement of the attorney's name on the summons is just as mandatory as are the requirements of the contents of the summons, such as name of county, signature of clerk and im-

press of court seal; but that the court decided as it did solely because positively shown there was no possibility of prejudice.

Counsel for defendant contends that the statutory requirement of indorsement of the name of plaintiff's attorney · on the summons is directory only. It has been decided otherwise by this court. The opinion in *Sharman* v. *Huot,* supra, says the language of the section containing the requirement is mandatory. The opinion in *Duluth Brewing* & *Malting Co.* v. *Allen,* supra, says it was enacted to be observed. If that does not mean it is mandatory, we mistake the meaning of the · language. The opinion in *State ex rel. Jerry* v. *District Court,* supra, speaking of the very requirement of the indorsement of the attorney's name, says it is mandatory. That is sufficient to dispose of that contention.

Along that line of argument, however, counsel for defendant cites several decisions of this court, in which the word "must," used in certain statutory provisions of procedure, has been held to be directory. (*Toole* v. *Weirick,* 39 Mont. 359, 133 Am. St. Rep. 576, 102 Pac. 590; *Thomas* v. *Thomas,* 44 Mont. 102, Ann. Cas. 1913B, 616, 119 Pac. 283; *Hoppin* v. *Lang,* 74 Mont. 558, 241 Pac. 636.) The procedural steps referred to in those cases, with relation to which the word "must" was held to be directory, are all such as arise in the disposition of causes after jurisdiction of the person has been acquired, while the import of the word as it is now being considered is with relation to it where it occurs in the section of the statutes stating the requirements for contents and issuance of summons, as a means of acquirement of jurisdiction. While the word "must" is held sometimes to be directory it is not always so, and as it occurs in the jurisdictional section herein involved (9107, supra) and now under consideration it has been held, repeatedly and consistently, by decisions of this court, above cited by us, that it is mandatory and those decisions are controlling. That is decisive of the question, regardless of how the word, in other statutes and other relations, may have been construed.

[81 Mont. 442.]

Counsel for defendant undertakes, with ingenuity, to make the distinction that only the requirements of the statute as to the contents of the summons are mandatory. He contends that the name of the attorney is required only to be indorsed on the summons and that indorsement means put on the back and that what is to be on the back of the summons is not a· part of the summons and it is not mandatory that it be there or essential to jurisdiction. He would distinguish between the importance of the contents of a summons and an indorsement on it and in support of his contention he cites authority from other jurisdictions. That is disposed of, however, by the opinion in *State ex rel. Jerry* v. *District Court,* supra, wherein, speaking of the indorsement requirement, it says: "The provision is expressed in the same mandatory terms as are all the other provisions contained in the section." That contention of counsel is further answered by the opinion in *Sidwell* v. *Schumacher* (Ill.), supra, quoted by this court, with approval, in *Sharman* v. *Huot,* supra, when the Illinois court said it was mandatory that the process "be in a specified form and issued in a particular manner." That means more than contents. Form and manner are terms broad enough to include an indorsement.

Counsel for defendant contends, again, that the name is required only to be on the summons issued, the original document, and, being no part of the summons, when the statute requires delivery of a copy of the summons, or, in lieu, publication, it means the contents only of the summons and the name need not be on the delivered copy or appear in the printed copy. That is disposed of by the opinion in *State ex rel. Jerry* v. *District Court,* supra, wherein it says: "The evident purpose of requiring the indorsement is to furnish the defendant with knowledge [of] who the attorney for the plaintiff is, so that he may know to whom notice must be given of any step he may desire to take in his defense." (Authority cited.) How could it furnish him that knowledge unless the copy be a true and complete copy of the summons, with the indorsement on it; how would he know, if the indorsement

were only on the original, reposing in a file in the clerk's office, and did not appear on his copy? The question answers itself. If that be the purpose in personal service, when there is delivered with the copy of the summons a copy of the complaint, signed by the attorney, much greater is the necessity of having the attorney's name appear in the printed copy of the summons, in service by publication, when a copy of the complaint, signed by the attorney, is not published and is not always mailed to the defendant—is not required to be mailed unless his place of residence be known. Counsel asks the purpose of the indorsement. The answer is the last foregoing quotation from *State ex rel. Jerry* v. *District Court,* supra. Counsel says, if that be the purpose, the name, without the address, is of little aid in some cases. Nevertheless, this court has said the purpose is as above stated, whether always effective or not.

Counsel for defendant cites and quotes from *People* v. *Wrin,* 143 Cal. 11, 76 Pac. 646, wherein it is held that the indorsement of the attorney's name, required by statute, did not become a part of the summons and it was not necessary to publish it. We do not consider the case persuasive. The California statute, at that time, was essentially different from ours. Our statute now requires (sec. 9107, supra) and when this question arose required the summons to contain and say to the defendant this: "You are hereby summoned to answer the complaint in this action * * * and to file your answer *and serve a copy thereof upon the plaintiff's attorney* within twenty days." At the time of the California decision, the foregoing italicized words were not required to be in a California summons. Hence, in Montana, there is more reason than there was in California why a defendant should·be apprised of the name of plaintiff's attorney and why the indorsement requirement is mandatory. Furthermore, our statute (sec. 9119, Rev. Codes, 1921) says now and when this question arose said: "If service is had by publication, the summons, in addition to the requirements of section 9107, shall

contain a general statement of the nature of the action."
There was no such provision in California.

Counsel for defendant cites and quotes from *Foore* v. *Simon Piano Co.*, 18 Idaho, 167, 108 Pac. 1038, in which it is held that failure to publish the attorney's name, required to be indorsed, with residence, on the summons, is not fatal to jurisdiction. However, there are the same differences between the Idaho statute, as it then was, and ours as between California's and ours. Moreover, the Idaho case holds the indorsement requirement to be directory only. That is directly contrary to decisions of this court, cited by us, holding it mandatory. Of the holding in the Idaho case, this court said, in *State ex rel. Jerry* v. *District Court*, supra: "We are not disposed to go so far as this. * * * We go no further than to hold that under the circumstances of the instant case the defendant ought not to be heard to complain that he suffered prejudice." True, this court said it was not disposed to go so far, because not necessary, but it did not indicate it would have adopted the view of the Idaho court had it been necessary to go further, in order to arrive at a decision. It said exactly to the contrary when it said the indorsement provision was mandatory.

Counsel for defendant cites a number of New York cases. In New York, according to statute, at the time contemporaneous with the cases cited, the summons was required to be signed by the plaintiff's attorney, with place of residence following signature. The attorney's signature took the place of the clerk's, in this state. If published, the published summons was required to be followed by a notice, likewise signed by the attorney, stating that the summons is published pursuant to an order of court. The New York cases cited hold, one or another, that failure to sign the notice, failure to give the attorney's place of residence or even failure of the attorney to sign the summons is not fatal to jurisdiction. The holdings of those cases are directly contrary to the holding of this court in *Sharman* v. *Huot,* supra, that without the signature of the clerk "there is no summons." Cases from another jurisdiction, in direct conflict with a decision of this court, are

not persuasive. Other foreign cases cited by counsel are as little persuasive, as against the plain holdings of this court, as are those noticed. Outside authorities do not avail when there are decisions of this court, repeated and of long standing, directly in point.

Under the policy of this jurisdiction and the holdings of this court, we are persuaded that the requirement of indorsement on the summons of the name of plaintiff's attorney is mandatory and, when service is by publication, that it must appear in the published copy. There are authorities from other jurisdictions so holding, as well as some holding to the contrary, but we shall not review them. We think the decisions of this court afford sufficient authority for our view.

A principle of law that confirms our view is this: "On the [6] principle of contemporaneous exposition, common usage and practice under the statute or a course of conduct indicating a particular understanding of it will frequently be of great value in determining its real meaning, especially where such usage has been acquiesced in by all parties concerned and has extended over a long period of time." (36 Cyc. 1139 and cases cited.) There is much authority for that pronouncement. Our statutory requirement of indorsement on the summons of the name of plaintiff's attorney has been in existence many years and it is a matter of common knowledge that, in all those years, the practice of printing it in the publication of summons, in cases of constructive service, has been practically uniform and universal.

Counsel for defendant makes a point that the judgment-roll [7] in the divorce action shows, by affidavit of the clerk of the court, that a copy of the complaint and a copy of the alias summons were duly mailed to the defendant in that action at Blair, Wisconsin, his last known place of residence. The complaint was signed by plaintiff's attorney and the alias summons bore the indorsement of his name. Counsel contends that, in that way, the defendant was notified of the pendency of the action and of the name of plaintiff's attorney. He suggests it is to be presumed the copies were received by the

defendant. Blair, Wisconsin, is given, in the affidavit, as "the last known place of residence" of the defendant, not his present place of residence. It may have been one year or many years since he was known to reside there; no light is afforded. It may be presumed the defendant in the divorce case continued to reside at the same place; it is, however, only a presumption. Then to presume that mail addressed to him there reached him would be another presumption and would be basing a presumption on a presumption. A conclusion would be reached on a double presumption and that is not permissible. (22 C. J. 84 and cases cited.) Furthermore, to assume that knowledge of the pendency of the action and of the name of plaintiff's attorney was imparted to the defendant, under the circumstances shown here, would be substitution of a mere assumption for the affirmative proof of positive knowledge shown in *State ex rel. Jerry* v. *District Court,* supra. In the case at bar, we hold it is not affirmatively shown, by positive proof or any proof, that there was no prejudice by departure from statutory requirement, as was shown in that case.

We hold that, in constructive service, both requirements of the statute must be complied with; that the summons must be published and that the published summons, as printed, must show indorsement of the name of plaintiff's attorney and, if defendant's place of residence be known, that copies of complaint and alias summons must be mailed to him. We hold all thereof mandatory and essential to jurisdiction and not, in any particular, directory.

For us to hold only directory the legislative mandate that the attorney's name must be indorsed on the summons and, therefore, that such indorsement need not appear in the publication of the summons, when published, would be, in effect, saying to the bar of Montana: "In future, the attorney's name need not be indorsed on the summons and publication of summons need not show it; the legislative provision therefor is repealed by the Supreme Court of Montana." We are not willing to say it. The legislature meant something when it en-

acted the provision. In the language of the opinion in *Duluth Brewing & Malting Co.* v. *Allen*, supra, we believe it "was enacted to be observed."

Having arrived at the conclusion announced, it is not necessary for us to consider any of the other points raised by counsel in regard to the complaint in the case at bar or the judgment-roll of the divorce case involved. We hold the decree in the divorce case in question to be void; hold the court did not obtain jurisdiction of the defendant therein; hold that when plaintiff and defendant participated in a marriage ceremony the latter was incapable of contracting marriage and, therefore, hold the trial court did not err in overruling defendant's demurrer to plaintiff's complaint.

As to the apparently asserted ruling of the trial court in [8] denying defendant's application for alimony, so called, pendente lite and allowances for attorney fee and suit money, upon which error is assigned, thereby implying assertion that such a ruling was made, the record is rather obscure. It recites that "defendant's application for alimony pendente lite is hereby in all things denied." It shows nothing about disposition of the application for attorney fee and suit money. Counsel for plaintiff, in his brief, says allowances for those purposes were made and the money was paid. So far as we are aware, it is not disputed by counsel for defendant. If that be true, the only thing denied was the application for subsistence pendente lite. Be that as it may, the whole matter rested in the sound discretion of the trial court and we do not see that the discretion was abused.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES STARK, MATTHEWS and GALEN concur.