No. 90-631

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

HAZEL HOWARD,

     Plaintiff and Respondent,

  v.

MARIE DALIO,

     Defendant and Appellant

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                In and for the County of Gallatin,
                The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

     J. David Penwell, Bozeman, Montana

     For Respondent:

     Mark A. Bryan, Bryan & Atkins, Bozeman, Montana

**FILED**

AUG 13 1991

Filed:    *Ed Smith*
    CLERK OF SUPREME COURT
      STATE OF MONTANA

Submitted on Briefs:  May 23, 1991

Decided:  August 13, 1991

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Marie Dalio appeals the determination of the District Court of the Eighteenth Judicial District for Gallatin County, denying Dalio's motion to set aside judgment entered in favor of Cecelia Prevost. We affirm the District Court.

The issue on appeal is whether the District Court had jurisdiction to establish a constructive trust for the benefit of Cecelia Prevost.

Hazel Howard, Cecelia Prevost, and Marie Dalio are sisters. Their oldest sister, May Ping Sellards, died on March 25, 1987. Prior to her death, Sellards purchased six certificates of deposit, on which all four sisters were named as joint depositors. In her will, she also stated that her residual estate, which included the majority of her assets, was to go to her sisters in equal shares.

Sellards became ill in 1984. In June 1985 Marie Dalio and her husband moved to Montana to take care of Sellards and handle many of her affairs. Between September 30, 1985, and February 17, 1987, Dalio cashed four of the six CDs created by Sellards. The day following Sellards's death, Dalio cashed the other two CDs. While portions of the proceeds were put into Sellards and Dalio's joint account, a significant amount of the proceeds was put into Dalio's own account or was unaccounted for. None of the sisters were informed of Dalio's actions involving the CDs.

Hazel Howard spoke with bank officials after Sellards's death and discovered that all six of the CDs, totalling $121,861.66, had

been cashed. She then filed a complaint alleging fraud on the part of Marie Dalio. Howard also alleged a constructive trust had been created for the benefit of both Cecelia Prevost and herself, and that Marie Dalio had breached her duty as trustee by her actions. Cecelia Prevost was not joined as a plaintiff. However, the court was asked in both the complaint and in the final pretrial order to require that Dalio pay one-third of the trust corpus to plaintiff and one-third to Cecelia Prevost. In fact, Dalio framed as one of the issues:

> 2. Are the other two surviving sisters, i.e. Howard and Prevost, entitled to any portion of the certificates of deposit on which their name appears . . . ?

Following a bench trial, the District Court concluded that a constructive trust relating to the proceeds of the CDs was created with Marie Dalio as its trustee. The court found that Dalio owed one-third of the trust's proceeds, or $40,620.55, plus interest, to Hazel Howard. The court then stated that "[t]he other third shall be paid to the remaining sister, Cealia [sic] Prevost." On July 23, 1990, judgment was entered against Dalio in favor of Cecelia Prevost in the amount of $40,620.55. Dalio thereafter moved to set aside the judgment on grounds that Prevost had never been a party to the action, and that the court therefore lacked jurisdiction and could not enter judgment in her favor. The motion was denied, and Dalio filed this appeal. Dalio does not here contest the judgment entered against her in favor of Howard.

3

Dalio contends that the lower court erred by entering judgment in favor of Prevost because she was never a party to the action initiated by Howard. Dalio asserts that there was never a voluntary appearance by or legal service made upon Prevost. Dalio cites Holt v. Sather, 81 Mont. 442, 264 P. 108 (1928), and Deich v. Deich, 136 Mont. 566, 323 P.2d 35 (1958) for the proposition that there must be either an appearance or legal service upon an individual for the court to acquire jurisdiction of that person, and that without jurisdiction there cannot be a valid judgment in favor of that individual.

Both Holt and Deich relate to the absence of jurisdiction over a defendant in an action in law. Neither case stands for the proposition that a court may not impose a constructive trust in equity without having all of the trust's beneficiaries before it.

Section 72-33-219, MCA, states that "[a] constructive trust arises when a person holding title to property is subject to an equitable duty to convey it to another on the ground that the person holding title would be unjustly enriched if he were permitted to retain it." This Court, in Eckart v. Hubbard, 184 Mont. 320, 602 P.2d 988 (1979), held that creation of a constructive trust requires fraud, mistake, undue influence, violation of trust, or other wrongful acts. The District Court found Dalio guilty of fraud, undue influence and a breach of trust. Those acts were sufficient to create a constructive trust, and a

4

constructive trust is subject to the provisions of Montana's Trust Code.

For that reason, the District Court had subject matter jurisdiction over the corpus or assets of the trust. Section 72-35-101, MCA, provides that:

> (1) The district court having jurisdiction over the trust pursuant to chapters 33 through 36 has exclusive jurisdiction of proceedings concerning the internal affairs of trusts.
>
> (2) The district court having jurisdiction over the trust pursuant to chapters 33 through 36 has concurrent jurisdiction of the following:
>
> (a) actions and proceedings to determine the existence of trusts;
>
> (b) actions and proceedings by or against creditors or debtors of trusts; and
>
> (c) other actions and proceedings involving trustees and third persons.

Dalio was properly served and subject to the jurisdiction of the court, allowing the imposition of a constructive trust in favor of all its beneficiaries. Jurisdiction over the person upon whom the trust is imposed is pivotal, but all potential beneficiaries need not be parties. Instructive on this issue is 76 Am.Jur. *Trusts* § 282. It states:

> A court of equity in the exercise of its jurisdiction and control of trusts and their administration may assume jurisdiction of a particular trust and direct that thereafter the trust is to be administered under its direction, and in many instances may make appropriate orders and decrees, without having all interested parties before it, so long as they are not prejudiced in any substantive rights.

5

Cecelia Prevost was certainly not prejudiced by her absence as a party to this litigation. That is evident from the fact that she has appeared to oppose her sister's appeal from the judgment entered in her favor.

Neither was Dalio prejudiced by her sister's absence as a plaintiff in this action. She was aware from the complaint and from the plaintiff's allegations in the pretrial order that plaintiff sought to impose a constructive trust for the benefit of both the plaintiff and Cecelia Prevost. She was aware that the plaintiff sought to have the corpus of the trust divided equally among the three surviving sisters. The same proof that established the trust for the benefit of Howard established a trust for the benefit of Prevost.

Dalio contends that she was denied the opportunity to prove her defense that an action by Prevost would have been barred by the statute of limitations. However, the plaintiff's first cause of action was based upon fraud which did not accrue until the aggrieved party discovered the facts constituting the fraud. § 27-2-203, MCA. The District Court found, as a matter of fact, that there was no evidence or testimony that Dalio ever informed any of her sisters that she was cashing in the CDs. That evidence could have been offered without Prevost's presence. Furthermore, plaintiff's second cause of action sought to create a constructive trust. The statute of limitations applicable to that cause of action was § 27-2-202(3), MCA, which allows commencement of the

6

action within 3 years. The record in this case discloses that the first CD was converted to her own use by Dalio on September 30, 1985, and that this action was commenced on May 12, 1988, which was less than 3 years later. Therefore, we conclude that Dalio's ability to present her defense, based upon the statute of limitations, was not impaired by the fact that Prevost was not named as a plaintiff. Neither has there been any reason offered by Dalio why Prevost's deposition could not have been taken, had her testimony been necessary in order to support any of Dalio's affirmative defenses. In fact, through much of the proceedings Prevost was listed by Dalio as a witness.

The Ninth Circuit has had opportunity to rule on a matter similar to the instant case. In In re Allustiarte, 786 F.2d 910 (9th Cir. 1986), the court ruled that the failure to join spouses of grantees of real property in an action to impose a constructive trust was not fatal to the action, even though that trust would have detracted from their interest in the property. The court stated:

> If the court determines that a judgment rendered in the person's absence will be adequate to protect his interests, the person is not indispensable. Joinder is not required where the absent parties' interests are adequately protected by those who are present. The record demonstrates that the interests of the absent spouses were adequately protected by the Allustiartes who were at trial. The absent spouses were not prejudiced by the failure to join them as parties since their interests were identical to their spouses who were named in the action.

7

In re Allustiarte, 786 F.2d 910, 919 (9th Cir. 1986) (citations omitted).

We conclude that Prevost's rights as a beneficiary were identical to Howard's. Her interests were adequately protected, and Dalio's interests were not adversely affected by the fact that she was not personally named as a plaintiff.

Accordingly, we affirm the judgment of the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

8